UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x

XL SPECIALTY INSURANCE COMPANY,           :

                Plaintiff,           :

      vs.           :

OTTO NAUMANN, LTD.,           :

              Defendant and           :
              Third-Party Plaintiff,           :   Docket No. 12-CV-8224 (DAB)
                                :   (SN)

      vs.           :

JULIUS LOWY FRAME & RESOTRING CO. INC.,           :

              Third-Party Defendant.           :

                                :

                                :
------------------------------------------------------------ x

**THIRD-PARTY DEFENDANT JULIUS LOWY FRAME & RESTORING CO. INC.'S
MEMORANDUM OF LAW
IN SUPPORT OF ITS MOTION TO DISMISS THE THIRD-PARTY COMPLAINT**

                                        LANKLER CARRAGHER & HORWITZ LLP
                                        415 Madison Avenue, 16th Floor
                                        New York, New York 10017
                                        *Attorneys for Third-Party Defendant Julius Lowy
                                        Frame & Restoring Co. Inc.*

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Third-Party Defendant Julius Lowy Frame & Restoring Co. Inc. ("Lowy") respectfully submits this Memorandum of Law in Support of Its Motion to Dismiss the Third-Party Complaint filed by Defendant and Third-Party Plaintiff Otto Naumann, Ltd. ("Naumann") for failure to state a claim upon which relief can be granted.

## PARTIES

Plaintiff XL Specialty Insurance Company ("XL") issued the insurance policy (the "Policy") under which Defendant/Third-Party Plaintiff and named insured Naumann made a claim for the purported loss of the painting at issue in this action. (Compl. ¶¶ 1-2.) XL filed a complaint (the "Complaint") in this action on or about November 2, 2012 against Naumann.

Naumann is a dealer in fine art. (Compl. ¶ 2.) The president and owner of Naumann is Otto Naumann. (Compl. ¶ 3.) Naumann filed an answer (the "Answer") and third-party complaint (the "Third-Party Complaint") in this action on or about April 8, 2013 against Third-Party Defendant Lowy.

Lowy is in the business of repairing and framing artwork. (Third-Party Compl. ¶ 41.) In lieu of answering, Lowy brings the instant motion to dismiss the Third-Party Complaint.

## FACTUAL BACKGROUND

On or about May 29, 2007, Naumann gave possession of a Dutch Masters painting by Jan Davisz de Heem (the "Painting") to Lowy for the purpose of reframing and correcting bowing on the panel of the Painting. (Compl. ¶¶ 7-9.) The Painting was never retrieved from Lowy, even though Lowy's work was scheduled for completion by June 22, 2007. (Compl. ¶ 10.) At some point during this time period, Lowy renovated its premises and the Painting was separated from Lowy's internal paperwork identifying it as Naumann's. (Compl. ¶ 11.)

In or about September 2007, Mr. Naumann allegedly observed that the Painting was no longer in Naumann's inventory. (Third-Party Compl. ¶ 28.) Naumann reportedly conducted an

extensive search at that time, including allegedly making inquiries to some third-party consignees and customers about the Painting's whereabouts. (Third-Party Compl. ¶ 29.)

After not finding the Painting, Naumann claimed that the Painting had to have been stolen and, therefore, Naumann notified XL of the purported loss. (Third-Party Compl. ¶¶ 31-32.) Unaware that the Painting was actually with Lowy, XL accepted Naumann's contention that the Painting must have been stolen. On November 9, 2007, XL paid $357,500 to Naumann for the purported loss of the Painting. (Third-Party Compl. ¶ 36; Compl. ¶ 23.) There is no allegation that Lowy was involved in any way in making the insurance claim, and there is similarly no allegation that Lowy received any of the proceeds of Naumann's insurance claim.

At some time in 2012, Nauman discovered through a third party that Lowy was in possession of the Painting. (Third-Party Compl. ¶ 42.) There is no allegation that Lowy was in wrongful possession of the Painting. The Third-Party Complaint further alleges that the Painting is not in the same condition as it was in 2007, when it was last in Naumann's possession. (Third-Party Compl. ¶ 49.) The Third-Party Complaint does not contain any description of what condition the Painting is in, and there is no allegation that the Painting has been damaged or is otherwise in any worse condition now than it was in 2007.

Because there was never any actual loss under the Policy, XL demanded the return of the $357,500 payment that it made to Naumann in the absence of knowledge that the Painting was actually with Lowy. (Compl. ¶ 26.) Naumann refused to return the payment. (Compl. ¶ 27.) XL then filed the Complaint against Naumann in this action, seeking return of the insurance payment on the basis that the Painting was not the subject of a covered loss under the Policy, and therefore Naumann was not entitled to the proceeds of the insurance claim. (Compl. ¶ 31.) Naumann's Answer alleges that the loss of the Painting was covered under the Policy, and

therefore Naumann was entitled to coverage and to the payment made by XL.  (Third-Party

Compl. ¶ 38.)

The Third-Party Complaint against Lowy for "negligence" asserts that Lowy, rather than

Naumann, is actually liable to return the $357,500 payment to XL.  (Third-Party Compl. ¶¶ 50-

51.)  The Third-Party Complaint does not seek any damages from Lowy on account of the

alleged change in condition of the Painting, or any damages based on any other cause of action.

Because the allegations are insufficient as a matter of law to state a claim against Lowy, the

Third-Party Complaint should be dismissed.

## LEGAL ARGUMENT

The Third-Party Complaint sets forth a single count—negligence—against Lowy.

However, the pleading is devoid of any elements of negligence and therefore, as a matter of law,

does not state any claim against Lowy.  Even if Naumann's claim for negligence is interpreted as

a claim for indemnity or a claim for contribution, neither claim can be maintained against Lowy

as a matter of law.  Accordingly, the Third-Party Complaint should be dismissed.

I.      **The Third-Party Complaint Fails to State a Claim for Negligence.**

Taking the Third-Party Complaint at face value as a claim for negligence, Naumann

cannot recover against Lowy because the Third-Party Complaint has not alleged any of the core

elements of negligence: duty, breach, damages, and causation.  *See, e.g., Pasternack v.*

*Laboratory Corp. of Am.*, 892 F. Supp. 2d 540, 552 (S.D.N.Y. 2012) (setting forth elements of

negligence under New York law).

First, the Third-Party Complaint does not establish the existence of any duty that Lowy

owed to Naumann or XL.  "The existence of a duty is an essential element of a negligence claim

because, in the absence of a duty, as a matter of law, no liability can ensue."  *Id.* (quoting

*McCarthy v. Olin Corp.*, 119 F.3d 148, 156 (2d Cir. 1997)) (internal quotation marks omitted).

The Third-Party Complaint does not allege the existence of any agreement or relationship between Lowy and Naumann which gives rise to any duty.  Thus, Lowy owed no duty to Naumann or XL.

Second, the Third-Party Complaint does not allege that Lowy breached any duty.  While Naumann alleges that "Lowy never returned the painting to Naumann" and that "Lowy never contacted Naumann to advise the painting was in its possession" (Third-Party Compl. ¶¶ 46-47), these allegations are not pleaded with any corresponding duty that Lowy had to return the painting or to advise Naumann that the painting was in Lowy's possession, which Naumann surely must have known.  Moreover, the Third-Party Complaint does not allege that Lowy was in wrongful possession of the Painting, that Naumann ever requested the return of the Painting from Lowy, or that Lowy ever advised that the Painting was not in its possession.

Furthermore, under New York law, in order to allege a breach of duty, the plaintiff must show that the resulting injury is reasonably foreseeable. *See Danielenko v. Kinney Rent A Car, Inc.*, 57 N.Y.2d 198 (1982) (affirming dismissal of claim where plaintiff's injury was not reasonably foreseeable consequence of defendant's conduct).  It is respectfully submitted that it is not foreseeable to Lowy that Naumann would make an insurance claim for the Painting after delivering it to Lowy.  It must be emphasized that there is no allegation that Lowy was even aware that a claim was being made (although that by itself would not be sufficient to show the breach of a duty).  Accordingly, Lowy did not breach any duty to Naumann.

Third, the Third-Party Complaint does not contain any allegations of damage, and Naumann cannot plead any allegations of damage, because Naumann still owns the Painting *and* Naumann has retained XL's $357,500 payment for the claimed loss.  At worst, if XL were successful against Naumann, Naumann would be liable for the return XL's payment for the

4

claimed loss of the Painting, a payment Naumann was not entitled to receive.[1]  Therefore,

Naumann cannot recover any damages from Lowy.

Fourth, the Third-Party Complaint fails to show that Lowy caused any of the damages

that XL seeks against Naumann.  The Complaint seeks recovery of the payment that Naumann

received on the basis of rescission, negligent misrepresentation, unjust enrichment, and fraud.

(Compl. ¶¶ 38-47.)  Neither the Complaint nor the Third-Party Complaint alleges that Lowy

received any part of the $357,500 payment or participated in any way in Naumann's insurance

claim.  Therefore, because the Third-Party Complaint has not pleaded any of the elements of

negligence against Lowy, the Third-Party complaint should be dismissed.

**II.    The Third-Party Complaint Fails to State a Claim for Indemnification.**

Even if the Court were to read the Third-Party Complaint liberally as a claim for

indemnification, Naumann is barred from recovery under this theory as well.  It should be noted

that Naumann has limited its claim against Lowy to damages that XL might recover against

Naumann.  (*See* Third-Party Compl. at 6.)  The Third-Party Complaint does not make any

independent claim on behalf of Naumann for damages against Lowy.  (*See* Third-Party Compl. at

6.)  A claim for indemnification against Lowy would fail because (a) indemnification is not

available where the party seeking indemnification is actually at fault and (b) indemnification is

not available in contract claims.

First, under New York law, "[t]he predicate of common-law indemnity is vicarious

liability without actual fault on the part of the proposed indemnitee." *Trustees of Columbia*

*Univ. v. Mitchell/Giurgola Assocs.*, 109 A.D.2d 449, 453, 492 N.Y.S.2d 371 (1st Dep't 1985);

*see also Niagra Frontier Transp. Auth. v. City of Buffalo Sewer Auth.*, 769 N.Y.S.2d 667 (4th

---

[1] While the Third-Party Complaint alleges that the Painting is "not in the same condition as when it was last in
Naumann's possession" (Answer ¶ 49), Naumann has neither described the changed condition of the Painting nor
made any request for relief based on damage to the Painting.

Dep't 2003) (affirming dismissal of indemnification claim where there was no allegation that defendant was vicariously liable and defendant failed to meet burden establishing that it was not negligent). Thus, "a party who has itself actually participated to some degree in the wrongdoing cannot receive the benefit of the doctrine." *Id.*

Here, the Complaint seeks to hold Naumann liable on alternative theories of rescission of payment, negligent misrepresentation, unjust enrichment, and fraud. (Compl. ¶¶ 28-47.) The Complaint *does not* seek to hold Naumann vicariously liable, as there is no allegation—either in the Complaint or the Third-Party Complaint—that Lowy was involved in any part of Naumann's insurance claim. Furthermore, the Complaint does not make any allegation that Lowy (a) received any part of the payment to be rescinded, (b) made any negligent misrepresentation, (c) was unjustly enriched, or (d) committed any fraud in connection with Naumann's claim. Similarly, the Third-Party Complaint does not make any claim that Lowy was principally involved in any of the allegations giving rise to the Complaint. Therefore, because there is no allegation of fault in the Complaint on the part of Lowy, the Third-Party Complaint must be dismissed.

Second, under New York law, indemnification is not available for contract claims. *See Comm'rs of the State Ins. Fund v. Tom L. LaMere & Assocs.*, 31 A.D.3d 1181, 818 N.Y.S.2d 714 (4th Dep't 2006) (affirming dismissal of defendant's claim for indemnification in connection with plaintiff's claim for breach of insurance contract). Here, all of XL's claims against Naumann arise out of their contractual relationship under the Policy. (*See* Compl. ¶¶ 28-47.) Accordingly, because the claims asserted against Naumann are contractual in nature and Naumann was at fault, any claim by Naumann against Lowy for indemnification should be dismissed.

### III.    The Third-Party Complaint Fails to State a Claim for Contribution.

Even if the Third-Party Complaint were to be construed as making a claim for contribution, the Third-Party Complaint should be dismissed for two reasons. First, an action for contribution cannot be maintained without all of the essential elements of a separate cause of action against the proposed contributor. *See, e.g., Steinberg v. Sherman*, No. 07 Civ. 1001 (WHP), 2008 WL 2156726, at *6 (S.D.N.Y. May 8, 2008) (dismissing third-party complaint where third-party plaintiff failed to allege essential elements of cause of action). Here, as discussed above, Naumann has failed to allege or assert any viable cause of action (for indemnity, negligence, or otherwise) against Lowy. Moreover, the claims that XL has made against Naumann (rescission of payment, negligent misrepresentation, unjust enrichment, and fraud) could not have also been brought against Lowy because Lowy had no involvement in the insurance claim and did not receive any of its proceeds.

Second, a claim for contribution cannot be premised on an underlying claim for economic damages. Claims for contribution are confined by statute to those claims arising from "personal injury, injury to property or wrongful death." N.Y. C.P.L.R. 1401. Under the New York law of contribution, "the touchstone for purposes of whether one can seek contribution is not the nature of the claim in the underlying complaint but the measure of damages sought therein." *Children's Corner Learning Center v. A. Miranda Contracting Corp.*, 64 A.D.3d 318, 879 N.Y.S.2d 418, 422 (1st Dep't 2009). Where the damages are purely economic—meaning that the "plaintiff seeks only to be returned 'to the point at which the breach arose and to [be placed] in as good a position as it would have been'"—the defendant does not have any claim for contribution against any third party. *Id.* Thus, claims for "injury to property" do not include breach of contract and quasi-contract claims because the measure of damages in contract and quasi-contract claims is economic damages. Moreover, claims for fraud and punitive damages alongside other contract

7

and quasi-contract claims do not allow the defendant to bring a claim for contribution. *See, e.g.,* *15 East 11th Apartment Corp. v. Elghanayan*, 220 A.D.2d 295, 632 N.Y.S.2d 119 (1st Dep't 1995) (holding that plaintiff's inclusion of claim for fraud in breach of contract action did not change nature of action and therefore did not permit plaintiff to seek contribution); *Smith v. Guli,* A.D.2d 120, 122, 484 N.Y.S.2d 740 (4th Dep't 1985) (holding that liable party cannot seek contribution for punitive damages).

Here, each of the claims in the Complaint revolves around a payment that XL made upon the incorrect representations by Naumann that it has suffered a theft loss covered under the Policy. (Compl. ¶¶ 30, 35, 40, 45.)  XL's measure of damages in the Complaint is purely economic because XL seeks $357,500 (plus interest), which is the amount of money that will return it to the position it was in before it made the payment to Naumann. (*See* Compl. at 7.) Moreover, XL's claims for fraud and punitive damages do not change the underlying nature of XL's quasi-contract claims.  Accordingly, even if the Third-Party Complaint is interpreted as alleging a claim for contribution, no such claim can be maintained against Lowy.

## CONCLUSION

For the foregoing reasons, Third-Party Defendant Julius Lowy Frame & Restoring Co. Inc. respectfully requests that the Court dismiss the Third-Party Complaint in its entirety.

Dated: May 1, 2013
      New York, New York

                        Respectfully submitted,

By:         /s Owen B. Carragher, Jr.
           Owen B. Carragher, Jr.

LANKLER CARRAGHER & HORWITZ LLP
415 Madison Avenue, 16th Floor
New York, New York 10017
Tel:    (212) 812-8910
Fax:   (212) 812-8920
ocarragher@lchattorneys.com

*Attorneys for Third-Party Defendant Julius Lowy
Frame & Restoring Co. Inc.*