UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

XL SPECIALTY INSURANCE COMPANY,

                Plaintiff,

    vs.

OTTO NAUMANN, LTD.,

                Defendant and
                Third-Party Plaintiff,

    vs.

JULIUS LOWY FRAME & RESTORING CO. INC.,

                Third-Party Defendant.

: Docket No. 12-CV-8224 (DAB)
: (SN)

------------------------------------------------------------------ x

**THIRD-PARTY DEFENDANT JULIUS LOWY FRAME & RESTORING CO. INC.'S
REPLY MEMORANDUM OF LAW
IN FURTHER SUPPORT OF ITS
MOTION TO DISMISS THE THIRD-PARTY COMPLAINT**

                LANKLER CARRAGHER & HORWITZ LLP
                415 Madison Avenue, 16th Floor
                New York, New York 10017
                *Attorneys for Third-Party Defendant Julius Lowy
                Frame & Restoring Co. Inc.*

## LEGAL ARGUMENT

Naumann has not sufficiently pleaded its single claim for negligence to enable it to withstand a motion to dismiss.[1] In its moving papers, Lowy demonstrated that Naumann's claim for negligence is deficient because Naumann could not establish the existence of a duty, the breach of that duty, or damages. In opposition, Naumann has suggested – without any support – that Lowy breached some vague duty. Lowy further demonstrated in its moving papers that, even if Naumann's count for negligence were viewed as a claim for indemnity or a claim for contribution, those claims would likewise fail. Naumann does not contest these arguments, instead resting its entire case on negligence. For the reasons stated below, Naumann's claim for negligence should be dismissed.

First, Naumann now argues for the first time in its opposition that Lowy had some vague duty to return the Painting – in essence, to seek out and put the Painting in Mr. Naumann's hands – when its restoration was completed. This duty is not alleged anywhere in Naumann's Third-Party Complaint, and Naumann does not contend that it was alleged. Furthermore, Naumann has not pleaded the existence of any relationship or agreement out of which this supposed duty arose. But even if such a relationship or agreement existed, Naumann has not defined the scope of the duty or pointed to any law that would elaborate on the duty to enable the Court to determine Lowy's obligations under this alleged duty. Without the existence of a duty, Naumann's claim for negligence fails right out of the gate.

Moreover, the suggestion that this newly argued duty exists is contradicted by Naumann's Third-Party Complaint, which denied knowledge of any of the circumstances concerning Naumann's relationship with Lowy. (*Compare* Compl. ¶¶ 8-10 *with* Third-Party

---

[1] The defined terms herein have the same meanings as defined in Lowy's Memorandum of Law dated May 1, 2013.

Compl. ¶¶ 8-10. *See also* Third-Party Compl. at ¶¶ 39-51.)  Without knowledge of the relationship, Naumann cannot possibly articulate – now or in subsequent pleadings – any duty that Lowy owed to Naumann.

Naumann attempts to sidestep this contradiction by claiming that – *"according to XL's Complaint"* – Lowy was required to return the Painting to Naumann's possession when restoration was complete. (Aff. Oppo. Third-Party Def.'s Mot. Dismiss ("Giardino Aff.") ¶ 24-26 (emphasis added), June 14, 2013. *Cf.* Compl. ¶ 10.) The Complaint, however, makes no such allegation. (*See* Compl.) Instead, the Complaint alleges the exact opposite – that it was Naumann who "did not retrieve the Painting from Lowy." (*See* Compl. ¶ 10.) Thus, none of the parties to this action have ever alleged that Lowy had an affirmative duty to place the Painting in Naumann's possession upon completion of the restoration. Moreover, Naumann has not made any allegation that Lowy failed to return the painting when requested, or that Lowy ever denied having the Painting.

The relationship between Lowy and Naumann can be analogized to the relationship between a dry cleaner and its customer. If the customer drops off clothing and never returns for the clothing, the dry cleaner has no affirmative duty to seek out the customer and put the clothing in his hands. It is the customer's fault if he fails to retrieve his clothes. Naumann would request that the Court not only find an affirmative duty on the dry cleaner to seek out the customer, but also for the dry cleaner to pay damages that were the result of the customer's own forgetfulness. Such a result would be patently absurd, and Naumann's claim for negligence should fail for this reason.

<u>Second</u>, assuming *arguendo* that Lowy had a duty to put the Painting in Mr. Naumann's hands, Naumann has not established that its "injury" was a reasonably foreseeable result of a

2

breach of that duty. Ignoring, for the moment, Naumann's lack of actual injury, it is respectfully urged that it was not forseeable to Lowy that Naumann would forget about the painting, assume it was stolen, and then make an insurance claim for the Painting. It should be re-emphasized that there is *no* allegation that Lowy was ever aware that a claim was being made. Naumann makes no attempt in its opposition papers to show that Lowy could have reasonably foreseen the predicament in which Naumann now finds itself. (*See* Giardino Aff.) Thus, even if Lowy were under an obligation to seek out and return the Painting to Naumann's possession (which Lowy disputes and Naumann does not even plead), Lowy cannot be held liable.

Returning to the dry cleaner analogy, if the dry cleaner's customer cannot remember what he did with his clothes, it is the customer's fault, and certainly not the fault of the dry cleaner's. Moreover, who would expect that the customer would then make an insurance claim for the clothes that he left at the dry cleaner? Common sense dictates that it would be unreasonable to expect that such would occur, and likewise it would be unreasonable to expect such a result in this case.

Third, Naumann has not established any damages. Naumann still owns the Painting, and there is no allegation of damage to the painting. If Naumann were to prevail in this case, then XL would take possession of the painting and Naumann would retain the payment; Naumann would have no damages. If, however, XL were to prevail, then Naumann would return the payment and keep the Painting; Naumann would still have no damages. By either returning the payment or the painting, Naumann would be returned to the same position that it was in before it made the insurance claim. Naumann does not contest this. (*See* Giardino Aff.) Thus, Naumann will have no basis to seek any damages from Lowy, and any supposed "damages" that Naumann could obtain from Lowy would result in an unconscionable windfall to Naumann. To go back to

3

the dry cleaner analogy, if the customer eventually retrieves his clothes and they are not damaged, what damages could the customer possibly have? In the absence of damages, Naumann's action for negligence must be dismissed.

Finally, Naumann's request for leave to amend its Third-Party Complaint should be denied. (Giardino Aff. ¶ 30.) As demonstrated above, Naumann's claim is defective in substance and cannot be cured by re-pleading what Naumann has argued here in opposition. *See Van Buskirk v. The N.Y. Times Co.*, 325 F.3d 87, 92 (2d Cir. 2003) (denying motion to amend the complaint where amendment would be futile). Furthermore, Naumann has not filed any proposed amended pleading. "To obtain leave of court to amend the complaint, a party should file both a rule 15 motion and a proposed amendment or new pleading." *McGee v. Dunn*, --- F. Supp. 2d ---, 2013 WL 1628604 (S.D.N.Y. 2013) (quoting *Gulley v. Dzurenda*, 264 F.R.D. 34, 36 (D. Conn. 2010)) (denying motion for leave to amend complaint for failure to attach proposed amended complaint to motion). Accordingly, Naumann's request for leave to amend should be denied.[2]

---

[2] To the extent that Naumann requests discovery in order to find facts that would support a new theory of the case, the Court should deny this request. Naumann is in possession of the facts concerning its relationships, but it has pleaded that it has no knowledge of any relationship with Lowy. In these circumstances, discovery is inappropriate because it would serve no other purpose than a "fishing expedition for evidence in search of a theory that has yet to be asserted." *KBL Corp. v. Arnouts*, 646 F. Supp. 2d 335, 346 n.6 (quoting *In re Alper Holdings USA, Inc.*, 398 B.R. 736, 754 (S.D.N.Y. 2008)).

## CONCLUSION

For the foregoing reasons, Third-Party Defendant Julius Lowy Frame & Restoring Co. Inc. respectfully reiterates its request that the Court dismiss the Third-Party Complaint in its entirety.

Dated: June 21, 2013
New York, New York

        Respectfully submitted,

By:    /s Owen B. Carragher, Jr.
     Owen B. Carragher, Jr.

LANKLER CARRAGHER & HORWITZ LLP
415 Madison Avenue, 16th Floor
New York, New York 10017
Tel: (212) 812-8910
Fax: (212) 812-8920
ocarragher@lchattorneys.com

*Attorneys for Third-Party Defendant Julius Lowy Frame & Restoring Co. Inc.*

5