UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
                                                                                               :

XL SPECIALTY INSURANCE COMPANY,

              Plaintiff,

vs.

OTTO NAUMANN, LTD.,

              Defendant and
              Third-Party Plaintiff,

vs.

JULIUS LOWY FRAME & RESTORING CO. INC.,

              Third-Party Defendant.

------------------------------------------------------------------- x

Docket No. 12-CV-8224 (DAB) (SN)

---

**MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF XL SPECIALTY INSURANCE COMPANY'S
MOTION FOR JUDGMENT ON THE PLEADINGS
AND
THIRD-PARTY DEFENDANT JULIUS LOWY FRAME & RESTORING CO. INC.'S
MOTION TO DISMISS THE THIRD-PARTY COMPLAINT WITH PREJUDICE**

---

CLYDE & CO US LLP
The Chrysler Building
405 Lexington Avenue, 16th Floor
New York, New York 10174
*Attorneys for Plaintiff XL Specialty Insurance
Company and Third-Party Defendant Julius Lowy
Frame & Restoring Co. Inc.*

This motion seeks relief for two parties.  First, pursuant to Rule 12(c) of the Federal Rules of Civil Procedure (FRCP), Plaintiff XL Specialty Insurance Company ("XL") seeks judgment on the pleadings on Counts One, Two, and Three of the Complaint.  Second, pursuant to FRCP Rule 12(b)(6), Third-Party Defendant Julius Lowy Frame & Restoring Co. Inc. ("Lowy") seeks dismissal with prejudice of the amended third-party complaint brought by Defendant and Third-Party Plaintiff Otto Naumann, Ltd. ("Naumann").  XL and Lowy respectfully submit this memorandum of law in support thereof.

## PRELIMINARY STATEMENT

This case concerns a painting that was once thought to have been stolen but was later discovered in the possession of the restorer to whom the insured (the defendant) had given it.  Under these circumstances, where there was no actual loss, the parties should be returned to their original positions: the insurance payment should be returned to the plaintiff insurer (with interest) and the painting should be returned to its owner (the defendant).  If this motion is granted, the parties will be returned to their original positions.

In May 2007, defendant Naumann provided a painting to third-party defendant Lowy for restoration.  Under the most innocent interpretation of the facts, Naumann's owner forgot that he had given the painting to Lowy and, after several months passed, believed that the painting had been stolen.  Naumann notified the company's insurer, XL, and put in a claim.  XL investigated the claim and paid $357,500 to reimburse Naumann for the theft of the painting.  Eventually, in 2012, a third party recognized the painting hanging in Lowy's shop and notified Naumann.  The discovery of the painting in Lowy's shop confirmed that it had never actually been stolen.  Accordingly, XL requested that Naumann return the $357,500 payment.  Naumann refused to repay the money and refused to take possession of its painting back from Lowy.

XL brought this action against Naumann to recover the payment, with interest. Naumann has admitted the material facts in its responsive pleadings, which establish that Naumann is not entitled to keep the $357,500 payment as a matter of New York law. Accordingly, XL is entitled to judgment on the pleadings on Count One for rescission of payment, Count Two for negligent misrepresentation, and Count Three for unjust enrichment. In response to XL's action, Naumann brought a third-party action seeking to hold Lowy liable for negligence, even though there has been no damage to the painting and Lowy never received any part of the insurance payment. Naumann's claim against Lowy is insufficient as a matter of law and therefore should be dismissed.

## PROCEDURAL HISTORY

On November 2, 2012, XL filed the Complaint [Doc. 1] against Naumann alleging four causes of action: Count One for rescission of payment, Count Two for negligent misrepresentation, Count Three for unjust enrichment, and Count Four for fraud. XL's damages for each of the counts is the insurance payment that XL made on account of the purported loss of the painting at issue, a Dutch Masters painting by Jan Davisz de Heem (the "Painting").[1] The Painting was not the subject of a covered loss under the Policy, and therefore Naumann was not entitled to the proceeds of the insurance claim. (Compl. ¶ 31.)

On January 31, 2013, Naumann answered the Complaint, initially denying any knowledge that the painting had been given to Lowy. (Compl. ¶¶ 6, 8; Answer with Affirmative Defenses and Third Party Complaint ("Answer and TPC") ¶¶ 6, 8 [Doc. 4].) However, despite denying that the painting had been given to Lowy, Naumann at the same time brought a third-party action for negligence against Lowy. (Answer and TPC ¶¶ 39-51.) Notably, Naumann did

---

[1] Recently, information has come to XL's attention that the Painting was not painted by Jan Davisz de Heem. XL reserves the right to dispute the authorship of the painting if this case proceeds.

not allege conversion or replevin against Lowy, and Naumann did not otherwise suggest that Lowy wrongfully possessed the Painting, which would be expected if Lowy had come into possession of the Painting by wrongful means.

On May 1, 2013, Lowy moved to dismiss Naumann's third-party complaint for failure to state a claim. Among the deficiencies in Naumann's allegations of negligence, Naumann failed to acknowledge that there was any relationship between Lowy and Naumann, any duty of Lowy to return the painting, or any breach of that duty. (*See* Lowy's Mem. L. at 3-5 [Doc. 7].) Naumann also failed to assert any injury or damages against Lowy. (*See* Lowy's Mem. L. at 4-5.)

This Court granted Lowy's motion by Memorandum and Order dated March 28, 2014 (the "Order") [Doc. 15]. The Court agreed that Naumann's inability to articulate any relationship with Lowy, as well as any injury or damages, was fatal to Naumann's claim. (Order at 7-8.) The Court recognized that Naumann's claim against Lowy was an impermissible attempt to make a double recovery for the supposed loss of the Painting. (Order at 8 n.3.) The Court granted dismissal of the third-party complaint but also granted leave for Naumann to amend. (Order at 9.)

On April 18, 2014, Naumann filed an Amended Answer with Affirmative Defenses and Third-Party Complaint ("Amended Answer and TPC"), again asserting "negligence" against Lowy. (Amended Answer and TPC ¶ 69.) In the Amended Answer and TPC, Naumann has been forced to acknowledge, for the first time, that Mr. Naumann gave the painting to Lowy for restoration. (Amended Answer and TPC ¶¶ 42-44.) Naumann claims that Lowy was negligent because Lowy did not provide Naumann a receipt when the Painting was picked up (Amended Answer and TPC ¶ 44), although—incredibly—Naumann acknowledges that it made no record

3

for itself to document the whereabouts of the Painting, and Naumann says nothing about why it did not demand a receipt before giving Lowy the painting or why it did not make a record for itself.  Nonetheless, despite having the Order as a roadmap to fix the deficient third-party complaint, the Amended Answer and TPC still fails to allege any injury or damages.  Instead, Naumann is merely seeking to avoid returning money that it was never entitled to and to recover twice for a loss that never actually occurred.

## PLEADED FACTS

Now that Naumann has reversed course and acknowledged that the painting was given to Lowy for restoration, the following are the facts established by the pleadings:  On or about May 29, 2007, Naumann gave possession of the Painting to Lowy for the purpose of reframing and correcting bowing on the panel of the Painting.  (Compl. ¶¶ 7-9; Amended Answer and TPC ¶¶ 42-43.)  While Naumann complains that Lowy did not give a receipt (Amended Answer and TPC ¶ 44), Naumann says nothing about why it did not demand one before releasing the Painting (Amended Answer and TPC ¶ 45) or why Naumann did not create a record as required by the business records clause of the policy.  (*See* Compl. Ex. C, Policy Clause 7.)

A few months later, in September 2007, Naumann notified XL that it could not find the painting and claimed that it had been stolen.  (Compl. ¶ 13 & Ex. B; Amended Answer and TPC ¶ 61.)  Otto Naumann, the company's owner, told XL's insurance adjuster that he observed that the Painting was no longer in the company's inventory.  (Compl. ¶ 13; Amended Answer and TPC ¶ 28.)  Mr. Naumann reportedly conducted an extensive search at that time, including allegedly making inquiries to some third-party consignees and customers about the Painting's whereabouts.  (Amended Answer and TPC ¶ 29.)  Naumann has not made any allegation that it inquired of Lowy as to the whereabouts of the Painting, and even if Naumann did contact Lowy, there is no allegation that Lowy ever lied about the location of the painting.

4

XL investigated the claim and accepted Naumann's contention that the Painting must have been stolen. (Compl. ¶¶ 21-23; Amended Answer and TPC ¶¶ 21-23.)[2] On November 9, 2007, XL paid $357,500 to Naumann for what was believed to be a theft of the Painting. (Compl. ¶ 23; Amended Answer and TPC ¶ 23.)  Naumann has not made any allegation that Lowy was involved in making the insurance claim, and Naumann has not made any allegation that Lowy received any of the proceeds of Naumann's insurance claim.

Sometime in 2012, a third party recognized the Painting in Lowy's shop. (Compl. ¶ 25; Amended Answer and TPC ¶ 57.)  XL was notified of the existence of the Painting in Lowy's shop, which led XL to engage in a discussion with Naumann and request return of the $357,500 payment. (Compl. ¶¶ 24-26; Amended Answer and TPC ¶¶ 24-26.)[3]  Naumann refused to return the insurance payment, and he refused to pick up the Painting when it was offered by Lowy for return. (Compl. ¶ 27; Amended Answer and TPC ¶ 26.)[4]  Even though Mr. Naumann seemingly forgot that the painting was in Lowy's possession (*compare* Amended Answer and TPC ¶ 30 *with* Amended Answer and TPC ¶¶ 42-43), Naumann has not alleged that Lowy at any time wrongfully possessed the Painting, and Naumann has not demanded that Lowy return the Painting.

---

[2] Although Naumann denies Paragraphs 21 and 22 of the Complaint, which refer to an attached sworn Proof of Loss executed by Mr. Naumann, Naumann "refers the Court to the documents referenced therein for their content." (Amended Answer and TPC ¶¶ 21-22.)  This is not a meaningful denial of the statements contained in the sworn Proof of Loss, and therefore the statements in the sworn Proof of Loss should be deemed admitted by Naumann. Moreover, Naumann admits that it "formed the reasonable opinion that the Painting was stolen from its Gallery" and that "Naumann Reported the loss to his [*sic*] insurance carrier XL." (Amended Answer and TPC ¶¶ 59, 61.)

[3] Naumann denies the allegations of Paragraphs 24 and 26 of the Complaint.  As to Paragraph 24, the particular manner in which XL was notified that the Painting was found is not material to the relief requested by this motion. Likewise, Paragraph 26, which alleges that XL demanded Naumann return the $357,500 payment, is not material to the relief requested by this motion.

[4] Again, Naumann has denied an allegation that is fundamental to both XL's action and Naumann's third-party action: Naumann has refused to return the $357,500 payment to XL.  (*Cf.* Complaint ¶ 30 *with* Amended Answer and TPC ¶ 26 *and* Amended Answer and TPC ¶¶ 68-69.)  This denial borders on frivolous.

5

Naumann alleges yet again that the Painting is not in the same condition as it was in 2007, when it was last in Naumann's possession.  (Amended Answer and TPC ¶ 64.)  Yet again, Naumann does not describe what condition the Painting is in, and there is no allegation that the Painting has been damaged—by Lowy or anyone else—or is otherwise in any worse condition now than it was in 2007.  Without any factual allegations in support, Naumann also alleges that the Painting "no longer has the value that it had when Third Party Defendant took it into its possession."  (Amended Answer and TPC ¶ 65.)  However, Naumann does not claim that the Painting is worth *less* than it was when the insurance claim was made, and Naumann does not claim that Lowy in any way caused the Painting to change in value.

## LEGAL ARGUMENT

XL is entitled to judgment on the pleadings on Counts One, Two, and Three of the Complaint for return of the $357,500 payment plus interest because the payment was made under the belief, now known to be incorrect, that the Painting had been stolen.[5]  Lowy is entitled to dismissal of Naumann's Amended Third-Party Complaint alleging negligence because Naumann has not alleged any injury or damages against Lowy, thus precluding recovery as a matter of law.

**I.      XL Is Entitled to Recover its $357,500 Payment to Naumann.**

**A.      XL Is Entitled to Judgment on Count One for Rescission of Payment.**

Under longstanding New York law, where a payment is made by an insurance company to an insured under a mutual mistake of fact, the insurance company is entitled to return of the payment upon discovery of the mistake.[6]  *See Eagle Ins. Co. v. Edgar Sabbeth Plywood &*

---

[5] Damages for Counts One, Two, and Three are co-extensive.  To avoid any doubt, XL is seeking a single recovery of its payment to Naumann, plus interest.

[6] New York law is in accord with the leading treatise on insurance law, Couch on Insurance.  *See* 16 Couch on Insurance 3d § 226:135 ("An insurer may recover payments it has made for lost property if the property is subsequently found, or the property is subsequently delivered, and may similarly recover stolen property that has been reacquired by the insured.").

6

*Flooring Corp.*, 73 A.D.2d 607, 422 N.Y.S.2d 443 (2d Dep't 1979); *Continental Cas. Co. v. Van Deventer*, 277 A.D. 553, 101 N.Y.S.2d 342 (1st Dep't 1950); *Masonic Life Ass'n of W.N.Y. v. Crandall*, 9 A.D. 400 (4th Dep't 1896); *St. Paul Fire & Marine Ins. Co. v. Pure Oil Co.*, 63 F.2d 771 (2d Cir. 1933) (Hand, J.); *Goldberg v. Nat'l Life Ins. Co. of Vt.*, 774 F.2d 559 (2d Cir. 1985). "The general rule is that an act done or contract made under a mistake or ignorance of a material fact is voidable and relievable in equity." *Masonic Life*, 9 A.D. at 404. Three cases in New York, discussed below, illustrate the application of this principle in the context of an insurance payment that was made when both parties mistakenly believed that a loss had occurred.

First, in *Eagle Insurance Co. v. Edgar Sabbeth Plywood & Flooring Corp.*, the purported loss arose out of the defendant-insured's shipment of oak flooring to a third party. 73 A.D.2d 607, 607, 422 N.Y.S.2d 443. When the shipment failed to arrive at the third party, the defendant-insured made a claim to the plaintiff-insurer for loss of the oak flooring. *Id.* After payment of the claim, the parties discovered that the oak flooring had actually been delivered to the third party, "albeit very late." *Id.* at 608. "Under these circumstances," the Appellate Division ruled, "we agree with the Appellate Term that summary judgment in favor of the plaintiff [insurer] for restitution of the insurance proceeds paid was proper." *Id.*

Second, in *Masonic Life Association of Western New York v. Crandall*, the insured under a life insurance policy was thought to have drowned in Niagara River. 9 A.D. 400, 401. The insured's remains were thought to have been identified and buried. *Id.* The plaintiff-insurer paid the policy's benefits to the defendant-beneficiary. *Id.* Six years later, the insured was discovered alive when he was arrested in California and positively identified. *Id.* at 402. The Appellate Division observed that, "[a]fter it was demonstrated Crandall [the insured] was alive, the wife's [defendant-beneficiary's] title to the money paid her must be divested, and the refunding of the

7

money could be compelled." *Id.* at 404. Accordingly, the Appellate Division affirmed the judgment in favor of the plaintiff-insurer for return of the insurance proceeds. *Id.* at 405.

Third, in *Continental Casualty Co. v. Van Deventer*, the defendant-insured was unable to find a piece of jewelry and therefore put in a claim to her insurer "for loss by theft evidenced by a 'mysterious disappearance.'" 277 A.D. 553, 554, 101 N.Y.S.2d 342. The plaintiff-insurer paid the claim. *Id.* Subsequently, the defendant-insured discovered the jewelry "in a place where it had been placed by one of the defendants [the insured] but which she had forgotten about when the claim of theft was asserted." *Id.* The trial court dismissed the plaintiff-insurer's complaint for return of the payment, but the Appellate Division reversed, holding that the plaintiff-insurer had alleged a prima facie case for rescission on the ground of mutual mistake. *Id.*

Here, like in the cases above, a presumed loss turned out not to be. Just as the reappearance of the oak flooring in *Eagle* enabled the insurer to recover its payment to the insured, here the reappearance of the Painting should enable XL to recover its payment to Naumann. Accepting for purposes of this motion the most innocent explanation, Mr. Naumann's claim that he forgot that he had given the painting to Lowy should not entitle Naumann to keep the insurance payment, just as the insured's forgetfulness in *Continental* did not entitle the defendant-insured to retain the insurance payment. Rather, like the policy that was never actually triggered in *Masonic Life* because the insured had never died, here the policy was never triggered because the Painting remained where Naumann had intended it. In each of the cases discussed above, if the true facts had been known by the insurer, the insurer would not have paid the claim. Accordingly, the insurers were entitled to repayment. Here, if XL had known the true facts—that Naumann provided the Painting to Lowy—XL would not have paid the claim. Thus, XL is entitled to judgment on the pleadings on Count One for rescission of payment.

### B. XL Is Entitled to Judgment on Count Two for Negligent Misrepresentation

Under New York law, a defendant is liable for negligent misrepresentation where the defendant (1) carelessly made a false statement to the plaintiff; (2) the statement was made with the expectation that the plaintiff would rely upon it; (3) the plaintiff did rely upon the false statement; (4) the plaintiff took an action, or failed to take an action, in reliance on the false statement; and (5) the plaintiff suffered damages as a result. *See Liberty Mut. Ins. Co. v. Palace Car Servs. Corp.*, No. 06-CV-4881 (FB)(CLP), 2007 WL 2287902 (E.D.N.Y. Aug. 8, 2007); *Bush Terminal Co. v. Globe & Rutgers Fire Ins. Co. of City of N.Y.*, 182 A.D. 748, 754, 169 N.Y.S. 734, 738 (1st Dep't 1918).

Here, Mr. Naumann admitted that he made a false statement to XL—namely, that he did not know where the painting was and that he assumed that it had been stolen. (*See* Compl. Ex. D (loss by theft); Amended Answer and TPC ¶ 61.) The statement was made in the context of the basis for an insurance claim, which means there can be no question that Naumann intended that XL would rely upon the statement. XL relied and took action upon the false statement as evidenced by the payment for the purportedly stolen painting. XL suffered damages as a result of the false statement because it paid Naumann for a supposed loss that never occurred. Had Naumann not been negligent in failing to keep accurate records of the location of paintings in its inventory, Naumann would have discovered the location of the painting and there would not have been any purported loss. Accordingly, XL is entitled to judgment on the pleadings for Count Two for negligent misrepresentation.

### C. XL Is Entitled to Judgment on Count Three for Unjust Enrichment.

"To prevail on a claim for unjust enrichment in New York, a plaintiff must establish (1) that the defendant benefitted; (2) at the plaintiff's expense; and (3) that equity and good

conscience require restitution." *State Farm Mut. Auto. Ins. Co. v. Rabiner*, 749 F. Supp. 2d 94, 102 (E.D.N.Y. 2010).  As to the first two elements, there can be no question that Naumann benefitted at XL's expense.  The only potential issue is whether equity and good conscience require restitution.  New York courts have repeatedly found that, where an insurer is induced to pay a claim based on an improper basis or one that would not have been covered under the policy, the insurer may recover upon a theory of unjust enrichment.  *See, e.g.*, *id.*; *State Farm Mut. Auto. Ins. Co. v. CPT Med. Servs., P.C.*, 375 F. Supp. 2d 141, 155 (E.D.N.Y. 2005).  Accordingly, XL is entitled to judgment on Count Three for unjust enrichment.

## II.     Lowy is Entitled to Dismissal of the Third-Party Complaint With Prejudice.

This is the second time that Naumann has inadequately pleaded a claim for negligence against Lowy.  Naumann's claim against Lowy for negligence is fatally flawed because the third-party complaint does not contain any allegation of injury or damages.  *See, e.g.*, *Pasternack v. Laboratory Corp. of Am.*, 892 F. Supp. 2d 540, 552 (S.D.N.Y. 2012) (setting forth elements of negligence under New York law).  Naumann is necessarily prevented from pleading any allegations of injury or damage because Naumann has retained XL's $357,500 payment for the claimed loss of the Painting and Naumann still owns the Painting.  By returning the $357,500 payment to XL, Naumann will be in the same position that it was in before the claimed loss occurred and will not have suffered any injury or damages.  Accordingly, Naumann's amended third-party complaint should be dismissed with prejudice.  *See Van Buskirk v. The N.Y. Times Co.*, 325 F.3d 87, 92 (2d Cir. 2003) (affirming dismissal with prejudice where further amendment would have been futile).

If Naumann returns the insurance proceeds but is reimbursed by Lowy for the repayment (as Naumann seeks in the third-party complaint), Naumann will have recovered doubly—first by recovering the Painting, and second by effectively retaining the insurance proceeds.  As the

Court recognized in granting Lowy's initial motion to dismiss, "judicial policy forestalls a double recovery for an injury." (Order at 8 n.3 (quoting *Barrington v. New York*, 806 F. Supp. 2d 730, 740 (S.D.N.Y. 2011)).)  Naumann alone is liable for the return XL's payment for the claimed loss of the Painting, which is a payment Naumann was not entitled to receive in the first place.  Lowy never received any portion of the insurance proceeds.  Therefore, Naumann cannot recover from Lowy.

Even if the Court were to interpret the claim for negligence in the Amended Answer and Third-Party Complaint as a claim for indemnification or contribution, neither claim could be sustained under the circumstances presented here for the reasons articulated in Lowy's previously filed memorandum of law. (Lowy's Mem. L. at 5-8 [Doc. 7].)

## CONCLUSION

If the Court grants the requested relief and Naumann returns the insurance payment (with applicable interest), XL will be in a position to stipulate to the dismissal of its remaining claims against Naumann.

For the foregoing reasons, Plaintiff XL Specialty Insurance Company respectfully requests that the Court grant judgment on the pleadings on Counts One, Two, and Three of the Complaint, and Third-Party Defendant Julius Lowy Frame & Restoring Co. Inc. respectfully requests that the Court dismiss the Naumann's Amended Answer and Third-Party Complaint in its entirety, with prejudice.

Dated: June 9, 2014
New York, New York

Respectfully submitted,

CLYDE & CO US LLP

By:  /s Owen B. Carragher, Jr.
Owen B. Carragher, Jr.

405 Lexington Avenue, 16th Floor
New York, New York 10174
Tel:   (212) 710-3900
Fax:   (212) 710-3950
owen.carragher@clydeco.us

*Attorneys for Plaintiff XL Specialty Insurance Company and Third-Party Defendant Julius Lowy Frame & Restoring Co. Inc.*